IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Wakefield, | ) CIVIL ACTION NO. 9:20-1295-TMC-MHC |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Ofc Wilson-James, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff, proceeding pro se, filed this action, alleging a violation of his constitutional rights and gross negligence while temporarily housed at the Broad River Correctional Institution in Columbia, South Carolina.[1] ECF No. 1. This matter is before the Court on Plaintiff's Motion for Default Judgment as to Defendant Ofc. Wilson-James ("Motion"). ECF No. 34.

## PROCEDURAL BACKGROUND

Plaintiff seeks a default judgment against Defendant Wilson-James for her failure to answer or otherwise respond to Plaintiff's Complaint. Plaintiff filed this lawsuit on April 6, 2020. ECF No. 1. On April 28, 2020, the Court authorized service or process and directed Defendants to file an answer to the Complaint or otherwise plead.[2] ECF No. 8 at 3. Process was served on

---

[1] Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate, currently housed at Allendale Correctional Institution in Fairfax, South Carolina. ECF No. 35. At the time he filed his Complaint, he was housed at Lee Correctional Institution in Bishopville, South Carolina. ECF No. 1 at 2.

[2] Process was never served on Defendants Wright and Fulton, who were dismissed from the case. ECF Nos. 14, 25, and 30.

Defendant Wilson-James on June 8, 2020, such that her response to the Complaint was due on or before June 29, 2020. ECF No. 15. Defendant Wilson-James did not respond to the Complaint.

On July 8, 2020, Plaintiff moved for entry of default, ECF No. 16, and the Clerk of Court entered default as to Defendant Wilson-James, ECF No. 17. The Clerk mailed a copy of the Entry of Default to Defendant Wilson-James at the address used by the United States Marshal Service to serve the Summons on her. ECF Nos. 21, 22, 24.

On May 16, 2021, Plaintiff filed a Motion for Default Judgment, including a certificate of service indicating the Motion was served on Defendant Wilson-James at her last known address. ECF No. 34, 34-1. The deadline for responding to the Motion has run. Defendant Wilson-James has not filed any response or otherwise made an appearance in the action.

## DISCUSSION

Once entry of default has been entered pursuant to Federal Rule of Civil Procedure 55(a), Rule 55(b) permits entry of default judgment against properly served defendants who failed to file responsive pleadings. In determining whether to enter judgment on the default, "[t]he court must . . . determine whether the well-pleaded allegations in [Plaintiff's] complaint support the relief sought in this action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). Additionally, "[i]f the court finds that liability is established, it must then determine damages." *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 706 (W.D.N.C. 2012). In its findings, "[t]he court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages." *Id.*

### A.  Allegations in Complaint

Plaintiff's Complaint alleges the following pertinent facts regarding Defendant Wilson-James: Plaintiff was a temporary resident of Broad River Correctional Institute ("BRCI") in Richland County, South Carolina in March of 2019. Plaintiff's classification since 2016, by mental health staff at SCDC, is at level 4 because of anxiety, depression, anti-social, and personality disorders. ECF No. 1 at 7, ¶ 28. Defendant Wilson-James was an officer at BRCI. *Id.* at 5, ¶ 6. On March 3, 2019, Plaintiff was inside the Greenwood Crisis Stabilization Unit at BRCI, when he grabbed Nurse T. Hubbard's arm. *Id.* at 5, ¶ 10. Defendant Wilson-James ran over to the locked cell where Plaintiff was located and sprayed Plaintiff with 26 grams of mace, along with another officer who sprayed Plaintiff with 21 grams of mace. *Id.* at 5–6 ¶¶ 11, 12, 17–20. Once Plaintiff released Nurse Hubbard's arm, the other officer slammed the food flap, where Plaintiff had reached out, and closed and secured the lock. *Id.* at 5, ¶ 13. Plaintiff alleges Lt. Wright denied him medical attention, advising Plaintiff to decontaminate with just cool running water. *Id.* at 5, ¶ 15.

Plaintiff contends his injuries are the direct and proximate result of "Defendant Wilson-James's gross negligence in failing to comply with SCDC's policies & procedures. . . . [and] in violating [his] constitutional rights . . . ." *Id.* at 7–8, ¶¶ 40, 41. He seeks punitive damages and injunctive relief by being "housed at Broad River Correctional Institution where other mental health inmates reside." *Id.* at 8, ¶ 43.

### B.  Effect of Default

The undersigned finds that Defendant Wilson-James's failure to answer or otherwise defend against well-pled allegations in Plaintiff's Complaint are deemed admitted. *Ryan*, 253 F.3d at 780. However, Defendant Wilson-James is not deemed to have admitted conclusions of law and

the entry of "default is not treated as an absolute confession by [Defendant Wilson-James] of [her] liability and of the plaintiff's right to recover." *Id.* (citation omitted); *see also J & J Sports Prods., Inc.*, 845 F. Supp. 2d at 705. Thus, it is for the Court to determine whether the facts, as alleged, support Plaintiff's Motion for Default Judgment against and the relief sought from Defendant Wilson-James. *See Ryan*, 253 F.3d at 780; *J & J Sports Prods., Inc.*, 745 F. Supp. 2d at 705.

    C. <u>Section 1983 Claim</u>

Plaintiff has sued Defendant Wilson-James in her individual and official capacity, alleging a violation of his constitutional rights by use of excessive force, pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 at 5–6, ¶¶ 12, 19, 20, 21, 23.

    *1. Eleventh Amendment Immunity*

With regard to Plaintiff's claim for damages against Defendant Wilson-James in her official capacity, it is barred by the Eleventh Amendment. Under the Eleventh Amendment, federal courts are barred from hearing claims against a state or its agents, instrumentalities, and employees, unless the state has consented to the suit. *Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) ("It has long been settled that [the Eleventh Amendment's] reference to 'actions against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Unless a state has consented to suit or Congress has waived a state's immunity pursuant to the Fourteenth Amendment, a state (and its agencies) may not be sued in federal or state court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress has not abrogated the states' sovereign immunity under § 1983, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C.



Code Ann. § 15-78-20(e).

Here, as alleged by Plaintiff, Defendant Wilson-James is employed by SCDC, which is an agency and an alter ego of the state of South Carolina. *See* S.C. Code § 24-1-30. Therefore, Defendant Wilson-James is entitled to Eleventh Amendment immunity from a § 1983 claim against her in her official capacity.[3] *See Simpson v. S.C. Dep't of Corr.*, No. 2:19-CV-2245-RMG, 2020 WL 582321, at *2 n.1 (D.S.C. Feb. 6, 2020) (noting SCDC employees are entitled to Eleventh Amendment immunity in suits brought against them in their official capacities).

2. *Plaintiff's Allegations Do Not Rise to a Constitutional Violation*

As to the claims against Defendant Wilson-James for injunctive relief and in her individual capacity for damages, Plaintiff's allegations regarding her use of mace do not establish a constitutional violation. To establish a constitutional excessive force claim, the inmate must establish that the "prison official acted with a sufficiently culpable state of mind (subjective component) and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)).

In analyzing the subjective component of an excessive force claim, the core inquiry for the Court is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 239 (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Supreme Court has set forth the following non-exclusive factors to assist courts in assessing whether a defendant has acted with the requisite state of mind of "wantonness in the

---

[3] Moreover, for purposes of § 1983, Defendant Wilson-James is not considered a "person" amenable to suit. *See Will*, 491 U.S. at 71 ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Hafer v. Melo*, 502 U.S. 21, 26–27 (1991).

infliction of pain": "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

For purposes of the objective component in an excessive force claim, an injury is sufficiently serious as long as it rises above the level of "de minimus harm." *Id.* at 238; *Hudson*, 503 U.S. at 9–10 (rejecting the notion that "significant injury" is a threshold requirement for stating an excessive force claim). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated" regardless of whether significant injury is evident. *Hudson*, 503 U.S. at 9; *see also Iko*, 535 F.3d at 238 n.10 ("[I]f an inmate can show the malevolence required to prove the subjective component [in an excessive force claim], the actual injury suffered as a result of such malevolence need not be great for 'contemporary standards of decency [to be] violated.'" (citation omitted)).

Here, the allegations set forth by Plaintiff fail to show or establish that Defendant Wilson-James used mace on Plaintiff maliciously or sadistically to cause harm. *See Iko*, 535 F.3d at 239. Rather, the allegations by Plaintiff establish that he has a mental illness, was housed in the Crisis Stabilization Unit, and grabbed a nurse's arm. In response, Defendant Wilson-James and another officer used mace on Plaintiff, which caused him to release his hold on the nurse's arm. Plaintiff's allegations show that the chemical munitions were used only after Plaintiff grabbed the nurse's arm, and the use of the chemical munitions ceased immediately after Plaintiff released the nurse's arm. *See id.* (listing factors a court uses to assess whether a defendant has acted with the requisite subjective state of mind).

6

Additionally, to the extent Plaintiff argues Defendant Wilson-James violated SCDC policies regarding her use of mace, violations of state prison policies themselves do not rise to the level of a constitutional violation. *See Ewell v. Murray*, 11 F.3d 482, 488 (4th Cir. 1993) (noting "inmates do not have a protected liberty interest in the [prison] *procedures themselves*, only in the subject matter to which they are directed. The procedures may be changed at the will of prison officials so long as they afford that process which is due under the Due Process Clause of the Fourteenth Amendment" (emphasis in original)); *see also Riccio v. Cty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding in a § 1983 case "[i]f state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue"); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (holding violations of prison policies that fail to reach the level of a constitutional violation are not actionable under § 1983). Accordingly, Plaintiff has not established any constitutional violations giving rise to a violation of 42 U.S.C. § 1983 by Defendant Wilson-James.[4]

D.  State Law Claim for Gross Negligence

Finally, Plaintiff contends that Defendant Wilson-James was grossly negligent in her use of mace. As an initial matter, it is a well-settled rule of law that claims of negligence do not support an action for damages in a civil rights action. *See Daniels v. Williams*, 474 U.S. 327, 328–36 &

---

[4] Defendant Wilson-James likely also would be entitled to qualified immunity from Plaintiff's claim under § 1983. *See Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Renn by and Through Renn v. Garrison*, 100 F.3d 344, 349 (4th Cir. 1996). However, qualified immunity is an affirmative defense, and the burden of pleading it rests with the defendant. *Sales v. Grant*, 224 F.3d 293, 296 (4th Cir. 2000). Defendant Wilson-James has not participated in the litigation nor raised this defense, and the Court generally cannot sua sponte mount the affirmative defense for her. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 654–55 (4th Cir. 2006) (suggesting that district courts should not raise affirmative defenses sua sponte unless the affirmative defense "implicate[s] important institutional interests").

n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); and *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987).

To the extent that Plaintiff is attempting to assert a state law claim of gross negligence against Defendant Wilson-James, he has failed to produce evidence of an applicable standard of care with regard to Defendant Wilson-James's use of mace. It is well settled under South Carolina that a plaintiff in a negligence action must establish three elements: an applicable standard of care, a deviation from that standard by the defendant, and injury resulting from that deviation. *Bloom v. Ravoira*, 529 S.E.2d 710, 712 (S.C. 2000). Failure to prove the standard of care is thus fatal to a negligence claim. Furthermore, the general rule in South Carolina is that where a subject is beyond the realm of common knowledge and everyday experience, proof of the applicable standard of care must be established by expert testimony. *Babb v. Lee Cty. Landfill SC, LLC*, 747 S.E.2d 468, 481 (S.C. 2013) (citing *Green v. Lilliwood*, 249 S.E.2d 910, 913 (1978)). Because Plaintiff did not offer any expert testimony or evidence of an applicable standard of care with regard to the use of mace, he cannot establish a claim of gross negligence against Defendant Wilson-James.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for Default Judgment be **DENIED** and the claims against Defendant Wilson-James be **DISMISSED.**

The parties are referred to the Notice Page attached hereto.

Molly H. Cherry
United States Magistrate Judge

June 17, 2021
Charleston, South Carolina

8

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

9