# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Antonio Wakefield, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>OFC Wilson-James, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 9:20-cv-1295-TMC<br><br>**ORDER** |

Plaintiff Antonio Wakefield, proceeding *pro se*, filed this action against Defendants pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Before the court is the Report and Recommendation ("Report") of the magistrate judge recommending that Plaintiff's motion for default judgment (ECF No. 34) be denied and the claims against the only remaining Defendant, OFC Wilson-James, be dismissed. (ECF No. 36 at 8).

On January 19, 2021, the court dismissed Plaintiff's complaint as to Defendants Lt. Wright and OFC Fulton for failure to effect service of process. (ECF No. 30). Plaintiff, however, was able to serve Defendant Wilson-James (ECF No.

15), and later filed a request for entry of default (ECF No. 16) which the Clerk of Court granted on July 8, 2020 (ECF No. 17).

In May 2021, Plaintiff filed a motion for entry of default judgment. (ECF No. 34). The magistrate judge concluded that Defendant Wilson-James's failure to answer the complaint resulted in the "well-pled allegations in Plaintiff's Complaint" being "deemed admitted." (ECF No. 36 at 3). The magistrate judge recognized, however, that the court still must determine whether the alleged facts, now deemed admitted, establish a legal right to relief. *Id*. at 4. In the complaint, Plaintiff alleges that while housed at Broad River Correctional Institution ("BRCI") he grabbed the arm of a nurse and Defendant Wilson-James, along with another correctional officer, responded by deploying mace at Plaintiff, who was classified by the South Carolina Department of Corrections as "level 4" mental health patient. (ECF No. 1 at 5, 7). Defendant Wilson-James used 26 grams of mace while the other officer used 143 grams. *Id*. at 6. Plaintiff released the nurse's arm after mace was deployed. *Id*. at 5. Plaintiff was not provided soap or other medical care following the incident. *Id*. at 7. Plaintiff contends Defendant Wilson-James's use of force was constitutionally excessive in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments. *Id*. at 4. Plaintiff also sought relief under the South Carolina Tort Claims act for gross negligence. *Id*. Plaintiff asserts his claims against Defendant Wilson-James in both her individual and official capacities. *Id*. at 3.

The magistrate judge concluded, however, that these admitted facts fail to establish a claim against Defendant Wilson-James. With regard to Plaintiff's § 1983 claim against Defendant Wilson-James in her official capacity, the magistrate judge determined that Defendant Wilson-James is entitled to Eleventh Amendment immunity by virtue of her employment by SCDC, an agency and alter ego of the State of South Carolina. (ECF No. 36 at 4–5). With respect to Plaintiff's individual capacity § 1983 claims against Defendant Wilson-James, the magistrate judge concluded that the now-admitted facts regarding the use of mace do not establish a constitutional violation:

> In analyzing the subjective component of an excessive force claim, the core inquiry for the Court is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. . . . . [T]he following non-exclusive factors [apply] to assist courts in assessing whether a defendant has acted with the requisite state of mind . . . (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) any efforts made to temper the severity of a forceful response.
>
> . . .
>
> Here, the allegations set forth by Plaintiff fail to show or establish that Defendant Wilson-James used mace on Plaintiff maliciously or sadistically to cause harm. Rather, the allegations by Plaintiff establish that he has a mental illness, was housed in the Crisis Stabilization Unit, and grabbed a nurse's arm. In response, Defendant Wilson-James and another officer used mace on Plaintiff, which caused him to release his hold on the nurse's arm.

> Plaintiff's allegations show that the chemical munitions were used only after Plaintiff grabbed the nurse's arm, and the use of the chemical munitions ceased immediately after Plaintiff released the nurse's arm.

*Id*. at 5–6 (internal citations and quotation marks omitted).

Finally, as to the state law claim for gross negligence, the magistrate judge concluded that Plaintiff failed to produce evidence of an applicable standard of care with regard to Defendant Wilson-James's use of mace, a subject that "is beyond the realm of common knowledge and everyday experience." *Id*. at 8. Accordingly, the magistrate judge recommended that Plaintiff's motion for default judgment be denied and the claims against Defendant Wilson-James be dismissed. *Id*. Plaintiff was advised of his right to file objections to the Report and of the consequences of failing to do so in a timely fashion. *Id*. at 9. The Report was mailed to Plaintiff on June 22, 2021, at the address he provided to the court, (ECF No. 38). Plaintiff filed no objections, and the time to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the

4

magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 36), and incorporates it herein.  Accordingly, Plaintiff's motion for default judgment (ECF No. 34) is **DENIED** and Plaintiff's claims against Defendant Wilson-James are **DISMISSED.**[1]

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

---

[1] The court notes that on June 24, 2021, Plaintiff filed another motion for default judgment against Defendant Wilson-James. (ECF No. 39). Although Plaintiff supported this motion with an affidavit and exhibits reflecting service of process, it is effectively the same as the motion for default judgment denied in this order. Accordingly, Plaintiff's second motion for default judgment is **DENIED AS MOOT**. (ECF No. 39). Furthermore, nothing contained in the second motion for default causes the court to conclude that the Report is erroneous or that a different result should obtain.

Anderson, South Carolina
August 11, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.